```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA
```

ROBIN KAYE HOLBROOK,           )
                               )
            Plaintiff,         )
                               )
v.                             )     Case No. CIV-15-105-FHS-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

## REPORT AND RECOMMENDATION

Plaintiff Robin Kaye Holbrook (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on April 29, 1977 and was 37 years old at the time of the ALJ's decision. Claimant completed her educatoin through the eleventh grade. Claimant has worked in the past as a cook, waitress, and cashier. Claimant alleges an inability to work

3

beginning April 4, 2012 due to limitations resulting from peripheral artery disease of the right lower extremity with a history of deep vein thrombosis, cardiovascular problems, and memory loss.

**Procedural History**

On April 4, 2012, Claimant protectively filed for supplemental security income under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On April 3, 2014 and June 26, 2014, administrative hearings were conducted by Administrative Law Judge ("ALJ") Trace Baldwin, with the Claimant appearing in Ardmore, Oklahoma and the ALJ presiding in Oklahoma City, Oklahoma. The ALJ entered an unfavorable decision on September 29, 2014. The Appeals Council denied review on January 13, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform sedentary work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the opinions of a consultative physician and physician's assistant; and (2) arriving at a legally flawed RFC which was not supported by substantial evidence.

**Consideration of Physician's and Physician's Assistant's Opinions**

In his decision, the ALJ determined Claimant suffered from the severe impairments of peripheral artery disease of the right lower extremity with a history of deep vein thrombosis, peripheral vascular disease, cardiovascular accident times two with some memory loss, chronic blood anticoagulation with Warfarin, tobacco abuse disorder, and Factor V Leiden deficiency (an anticoagulation factor disorder). (Tr. 15). The ALJ concluded that Claimant retained the RFC to perform sedentary work. In so doing, the ALJ found Claimant could occasionally lift/carry 10 pounds; frequently lift/carry less than 10 pounds; stand/walk two hours in an eight hour workday; sit for six hours in an eight hour workday; occasionally push/pull with upper and lower extremities; and occasionally climb ramps and stairs. The ALJ found Claimant must have the option to occasionally sit/stand at the work station without a loss of productivity; never climb ladders, ropes or scaffolding; frequently balance; occasionally stoop, kneel, crouch, and crawl; no manipulative, visual, or communicative limitations.

Claimant must not work at unprotected heights, around dangerous moving equipment or machinery, or on uneven or unstable work surfaces; no work around sharp objects or in any working environment containing items which would pose a cutting risk, due to bleed risk associated with Coumadin. Claimant was found to be able to understand, remember, comprehend, and carry out simple work related instructions and tasks. Claimant could work with supervisors and co-workers on a superficial work basis. Claimant could not work with the general public but could adapt to routine changes in the working environment. (Tr. 23-24).

On May 8, 2014, Dr. Harold Z. DeLaughter completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical) form on Claimant's condition. He found Claimant could continuously lift/carry up to ten pounds; frequently lift 11 to 20 pounds but continuously carry 11 to 20 pounds; occasionally lift/carry 21 to 50 pounds; and never lift/carry over 50 pounds. (Tr. 819). Dr. DeLaughter also determined Claimant could sit at one time for one hour and five hours in an eight hour workday; stand for ten minutes at one time and five hours in an eight hour workday; and walk for ten minutes at one time and five hours in an eight hour workday. He acknowledged that Claimant did not use a cane to ambulate. (Tr. 820).

6

Dr. DeLaughter also found Claimant could only occasionally climb ladders or scaffolds, balance, stoop, kneel, crouch, or crawl. (Tr. 822). Claimant was never to be exposed to extreme cold due to her "blood". (Tr. 823). No other restrictions were noted by Dr. DeLaughter. (Tr. 819-24).

The ALJ acknowledged Dr. DeLaughter's source statement and accurately recited his findings. (Tr. 21). The ALJ, however, failed to specifically set forth the weight afforded this opinion. The ALJ is required to evaluate every medical opinion. Salazar v. Barnhart, 468 F.3d 615, 625-26 (10th Cir. 2006). Even non-treating consultative physician's opinions must be evaluated under the factors listed in 20 C.F.R. §§ 1527(d) and 416.927(d). Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the

7

opinion. After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ was required to assign a weight to the opinion. This Court declines to accept Defendant's argument that the ALJ's assigned weight can be gleaned from the ultimate conclusions made in the decision. It is apparent that the ALJ rejected Dr. DeLaughter's opinion in regard to Claimant's restrictions in sitting since those findings are inconsistent with performing sedentary work and, therefore, their omission was not harmless. Since the ALJ apparently rejected this portion of the opinion, he must expressly set forth that reason for doing so. Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). On remand, the ALJ shall discuss the totality of Dr. DeLaughter's opinion, the weight given to the opinion, and the reasons for rejecting any portion of

the opinion.

Claimant also contends the ALJ failed to properly weigh the opinion of physician's assistant Scott Cooper. Mr. Cooper stated in a note dated March 28, 2014 that Claimant was presently disabled due to peripheral vascular disease in her lower legs. He further stated that Claimant was unable to walk more than 20 feet at a time without stopping to rest beginning August 6, 2012. (Tr. 830).

The ALJ gave "no weight" to the conclusion that Claimant was disabled. He provided "limited weight" to the opinion regarding the limitation in Claimant's ability to walk. (Tr. 27). Again, the ALJ failed to provide any support based in the medical record to these conclusions other than the bald assertions provided. On remand, the ALJ shall re-evaluate Mr. Cooper's opinion and provide a foundation for the weight he affords it.

## RFC Assessment

Claimant also states that the ALJ failed to reach a supported RFC since he failed to consider the opinions of Dr. DeLaughter and Mr. Cooper. Additionally, Claimant contends the ALJ should have reviewed her mental impairments under the special technique required by the regulations. 20 C.F.R. §§ 416.920a(b)-(c). On remand, the ALJ shall reconsider his RFC determination after his consideration of the weight due Dr. Delaughter's and Mr. Cooper's

opinions.  The ALJ shall also insure that his evaluation of the effects of Claimant's strokes comport with the special technique analysis required by the regulations.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 4th day of August, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE